**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Terrence J. Borchardt,

               Plaintiff,

                                                 Civ. No. 03-5543 (RHK/AJB)
                                                 **MEMORANDUM OPINION**
                                                 **AND ORDER**

v.

Commissioner of Internal Revenue,

               Defendant.

Terrence J. Borchardt, pro se, Minneapolis, Minnesota.

Kristin H. Hodges, Trial Attorney, Tax Division, United States Department of Justice, Washington, D.C., for Defendant.

**Introduction**

Defendant Commissioner of Internal Revenue (the "IRS") assessed monetary penalties against Plaintiff Terrence J. Borchardt for filing frivolous zero-income amended tax returns. After a Collection Due Process Hearing ("CDP Hearing") between Borchardt and an IRS Office of Appeals settlement officer, the IRS issued a Notice of Determination upholding the penalties. Borchardt then sued the IRS requesting that the Notice of Determination be held invalid because he was not provided with certain documents he had demanded and because he was not permitted to make an audio recording of the CDP Hearing. The IRS has moved for judgment seeking a ruling that the

Notice of Determination is valid. Conversely, Borchardt has moved for judgment seeking a ruling that the Notice of Determination is invalid. For the reasons set forth below, the Court will grant the IRS's motion and will deny Borchardt's motion.

**Background**

In November 2001, Borchardt filed Form 1040X to amend his tax returns for the years 1994-1997. He amended his returns by placing zeros on all lines reflecting income earned or taxes due on the grounds that "[d]ue to ignorance, I reported as 'Income' sources of Income as being 'Income' itself, when in fact I had no statutory income tax to report." (Gov't Ex. 1.) On November 25, 2002, the IRS issued Borchardt a Notice of Penalty Charge for filing frivolous amended tax returns and assessed a $500 civil penalty against him for each amended return pursuant to 26 U.S.C. § 6702. (See Compl. Exs. H1-H4; Gov't Ex. 2).

In May 2003, Borchardt requested a CDP Hearing[1] before the IRS Office of Appeals regarding the penalties assessed against him. (Gov't Ex. 3.) To each CDP Hearing request, Borchardt attached substantially identical letters demanding that the IRS produce:

- (1) The name, title, and job description of the IRS employee who imposed the penalties;
- (2) A "copy of the official Delegation of Authority that empowers [the IRS] employee with the authority to assess penalties under § 6702";
- (3) A "copy of the written approval to assess such penalty from [the IRS] employee's supervisor as required under § 6751";

---

[1] See infra Analysis Part I "The Legal Framework."

- (4) "[V]erification from the Secretary that the requirements of any applicable law or administrative procedure have been met"; and
- (5) "Judicial proof that [his tax] return[s] [are] frivolous as required under § 6703."

(See Gov't Exs. 3, 3a, 3b, 3c; Pl.'s Mem. in Supp. at 3, 6.) Borchardt also notified the IRS that he intended to make an audio recording of the CDP Hearing. (Id.)

On July 28, 2003, an IRS Office of Appeals Settlement Officer sent Borchardt a letter stating that while Borchardt could schedule his CDP Hearing, he presented no arguments upon which the IRS could grant relief. (See Gov't Ex. 4.) On August 25, 2003, Borchardt attended the CDP Hearing, but the Settlement Officer did not produce the documents Borchardt had demanded and he refused to allow Borchardt to make an audio recording of the hearing. (United States's Mem. in Supp. at 3.)

On September 16, 2003, the IRS Office of Appeals sent Borchardt a Notice of Determination Concerning Collection Action Under Section 6330 ("Notice of Determination") upholding the penalties. (See Gov't Ex. 6.) Attached to the Notice of Determination was a memorandum explaining that the decision was based upon a finding that the IRS had complied with all applicable laws and administrative procedures. (Id.) The Notice of Determination also informed Borchardt that if he desired to dispute the determination in court, he had 30 days to file a complaint in the appropriate United States District Court. (Id.)

On October 15, 2003, Borchardt commenced this action against the Commissioner of Internal Revenue. He has summarized his claims as follows:

3

> At the core of this action is but two simple issues: Can the Commissioner deny a taxpayer the right to document [an] administrative hearing by either audio recordation or stenographic recordation in light of the requirements to exhaust all administrative remedies prior to appealing to judicial review. Secondly can the Commissioner fail to provide . . . documents requested to be presented at the [CDP Hearing] and still rule that all administrative [procedures] have been met.

(Compl. at 1.)

Both parties moved for judgment. The IRS requests that its Notice of Determination be affirmed and that it be allowed to collect the penalties. (Motion at 1.) Conversely, Borchardt requests that the Notice of Determination be declared invalid. (Compl. at 1, 19.)

## Standard of Review

This Court has jurisdiction over cases involving penalties for filing frivolous tax returns. Yuen v. United States, 290 F. Supp. 2d 1220, 1223 (D. Nev. 2003); Hoffman v. United States, 209 F. Supp. 2d 1089, 1093 (W.D. Wash. 2002). In appeals from CDP determinations, the Court reviews the validity of the tax assessment de novo and reviews other determinations for abuse of discretion. See, e.g., Hardy v. United States, 2003 WL 21541358, at *3 (N.D. Ala. June 3, 2003) (citing cases); Johnson v. United States, 2002 WL 32003906, at *5 (N.D. Fla. Dec. 13, 2002) (same); MRCA Information Service v. United States, 145 F. Supp. 2d 194, 198-99 (D. Conn. 2000); Davis v. Commissioner, 115 T.C. 35, 39 (2000).

## Analysis

**I.** **The Legal Framework**

Under 26 U.S.C. § 6702, the IRS may impose a $500 civil penalty upon an individual who "files what purports to be a return" but which contains "information that on its face indicates that the self-assessment is substantially incorrect" and is due to "a position which is frivolous." 26 U.S.C. § 6702(a). If the taxpayer fails to pay the penalty within ten days after notice and demand, the IRS may collect such penalty by way of a levy upon the taxpayer's property. See 26 U.S.C. § 6331(a). Prior to levying the property, however, the IRS must notify the taxpayer of its intent to levy and of his right to a CDP Hearing. See id. § 6330(a). Upon the taxpayer's request, the IRS Office of Appeals conducts the hearing. See id. § 6330(b). At the hearing, the IRS appeals officer must verify that the requirements of any applicable law or administrative procedure have been met. See id. § 6330(c)(1). In making a liability determination, the appeals officer must also take into account the verification of applicable law and procedures, the relevant issues presented by the taxpayer, and whether any proposed collection action balances the need for the efficient collection of the penalty with the legitimate concern of the taxpayer that any collection be no more intrusive than necessary. See id. 6330(c)(3). If the taxpayer is dissatisfied with the appeals officer's determination, he may seek judicial review, as Borchardt has done here. See id. § 6330(d); see also Hoffman, 209 F. Supp. 2d at 1092-93; Hardy, 2003 WL 21541358, at *3.

## II.     Documents Demanded

Borchardt argues that the IRS appeals officer's Notice of Determination upholding the frivolous filing penalties is invalid because the IRS did not supply him with the

5

documents he demanded.  The Court will address each of the requested documents in turn.

First, Borchardt argues that the IRS wrongfully failed to provide him with the name, title, and job description of the IRS employees who imposed the penalties.  The Court disagrees.  "[B]ecause the identity of IRS employees who determined a taxpayer's return to be frivolous is not relevant to whether the imposition of the frivolous filing penalty was proper, the Government is not required to produce either the employees or their identities."  Johnson, 2002 WL 32003906, at *5 (citations omitted); see Gillett v. United States, 233 F. Supp. 2d 874, 883 (W.D. Mich. 2002); Reinhardt v. Internal Revenue Service, 2002 WL 1095351, at *5 (E.D. Cal. May 24, 2002).

Second, Borchardt argues that the IRS wrongfully failed to provide him with a "copy of the official Delegation of Authority that empowers [the IRS] employee with the authority to assess penalties under § 6702."  He is mistaken.  "[T]he IRS is not required to provide the taxpayer with . . . a copy of the delegation of authority from the Secretary of the Treasury."  Johnson, 2002 WL 32003906, at *5 (citations omitted); see Rennie v. Internal Revenue Service, 216 F. Supp. 2d 1078, 1082 (E.D. Cal. 2002); Nestor v. Commissioner, 118 T.C. 162, 166-67 (2002).

Third, Borchardt argues that the IRS wrongfully failed provide him with a "copy of the written approval to assess such penalty from [the IRS] employee's supervisor as required under § 6751."  Section 6751 provides, in relevant part,

> No Penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate.
>
> * * *
>
> [The above] shall not apply to . . . any . . . penalty automatically calculated through electronic means.

26 U.S.C. § 6751(b). There is no legal support for Borchardt's claim. To start, "[t]here is no requirement that the IRS provide taxpayers with any documentation . . . as part of the collection due process hearing." Johnson, 2002 WL 32003906, at *5; see Kelly v. United States, 209 F. Supp. 2d 981, 988-89 (E.D. Mo. 2002). Furthermore, "[n]o approval of the assessment by an immediate supervisor is required because this is an automatic penalty for a fixed amount." Cole v. United States, 2002 WL 31495841, at *6 (W.D. Mich. Oct. 21, 2002) (citing 26 U.S.C. §§ 6751(b)(2)(B) and 6702).

Fourth, Borchardt argues that the IRS wrongfully failed to provide him with the "verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." This well-worn argument has been considered and rejected by numerous courts:

> The requirement in Section 6330(c)(1) that the appeals officer obtain verification from the Secretary of the Treasury at the hearing that all applicable law and administrative procedures have been complied with does not require the IRS to provide the taxpayer with documentation of the verification. . . . Rather, the verification requirement is merely imposed to ensure that IRS officials review the file prior to the hearing to ensure the proper procedures have been followed.

Johnson, 2002 WL 32003906, at *5 (citations omitted); see Gillett, 233 F. Supp. 2d at 883-84; Rennie, 216 F. Supp. 2d at 1080; Herip v. United States, 2002 WL 31002855, at

\*6 (N.D. Ohio July 25, 2002); Nestor, 118 T.C. at 166; Lindsey v. Commissioner, 2002 WL 487164 (T.C. Apr. 2, 2002).

Finally, Borchardt demanded "[j]udicial proof that [his tax] return[s] [are] frivolous as required under § 6703." He argues that the IRS's burden of proof under 26 U.S.C. § 6703 "was not met by the computer generated unsigned notice the Plaintiff received stating that this penalty had been applied." (Pl.'s Resp. Mem. at 2.) Section 6703 provides, in relevant part, that "[i]n any proceeding involving the issue of whether or not any person is liable for a penalty under section . . . 6702, the burden of proof with respect to such issue shall be on the Secretary." 26 U.S.C. § 6703. Borchardt's argument is without merit. In meeting its burden of proof, the IRS has come forward with more evidence supporting Borchardt's liability for a penalty under § 6702 than the mere computer generated notices.[2]

Accordingly, because the IRS had no obligation to provide the demanded documents at the CDP Hearing, its decision not to do so did not render the Notice of Determination invalid.[3]

---

[2] Borchardt asserts that "[s]ection 6702 is an administrative law and has no implementing regulation [and] therefore it has no force and effect of law." (Pl.'s Mem. in Supp. at 1.) This argument is also without merit. Section 6702 "provides the statutory authority for assessing the penalty . . . [and] does not by its terms require any implementing regulations." Hoffman, 209 F. Supp. 2d at 1094.

[3] Borchardt has also moved to compel discovery (Doc. No. 11) and to compel interrogatories (Doc. No. 15) with respect to the demanded documents. In light of the above determinations, the Court will deny these motions.

**III.    Audio Recording of the CDP Hearing**

Borchardt also argues that the Notice of Determination is invalid because the IRS did not allow him to make an audio recording of the CDP Hearing. He alleges that the IRS violated 26 U.S.C. § 7521(a)(1), which allows audio recordings "in connection with any in-person interview . . . relating to the determination or collection of any tax." (See Compl. at 4); 26 U.S.C. § 7521(a)(1). The IRS responds that "[a]lthough the IRS Appeals Office should have permitted Borchardt to make an audio recording of his face-to-face CDP hearing, its error is harmless." (United States's Mem. in Supp. at 6.)

The Court finds that any error committed by the IRS was harmless. "Although the United States Tax Court has held that a taxpayer has a right to record a collection due process hearing, the [Tax Court's] holding was limited to cases in which the taxpayer's arguments were not found frivolous." Yuen, 290 F. Supp. 2d at 1226 (citing Brashear v. Commissioner, 2003 WL 21540439 (T.C. July 9, 2003)); see Snyder v. Commissioner, 2003 WL 23212752, at *2 (N.D. Ohio Dec. 3, 2003); Kemper v. Commissioner, 2003 WL 21525481 (T.C. July 8, 2003). In this case, Borchardt's arguments are frivolous under well-settled law. See supra Analysis Part II. Moreover, he has failed to demonstrate how the IRS's action prejudiced him in any way. See Sheppard v. United States, 2003 WL 23112849, at *2 (D. Nev. Dec. 1, 2003). Accordingly, the IRS's refusal to allow the audio recording constitutes harmless error and a remand would serve no useful purpose. See Boyd v. United States, 322 F. Supp. 2d 1229, 1233 (D.N.M. 2004) ("[T]he IRS' refusal to allow the audio recording . . . constitute[s] harmless error."); Sheppard, 2003

WL 23112849, at *2 (finding "remand would be futile" where IRS refused a recording when plaintiff showed no prejudice or procedural inadequacies); <u>McDonald v. United States</u>, 2003 WL 22992202, at *2 (N.D. Tex. Nov. 25, 2003) ("[F]ailure by the Appeals Office to allow Plaintiffs to made an audio recording of the CDP hearing does not warrant remand."); <u>Brashear</u>, 2003 WL 21540439 (T.C. July 9, 2003) (finding it "not necessary and . . . not . . . productive" to remand for a recording); <u>Kemper</u>, 2003 WL 21525481 (T.C. July 8, 2003) (same).

## Conclusion

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED** that Defendant Commissioner of Internal Revenue's Motion for Judgment (Doc. No. 18) is **GRANTED** and Plaintiff Terrence J. Borchardt's Motion for Judgment (Doc. No. 21) is **DENIED**. Plaintiff's Motion to Compel Discovery (Doc. No. 11) and Motion to Compel Interrogatories (Doc. No. 15) are **DENIED**. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**. The IRS may proceed with the collection of 26 U.S.C. § 6702 penalties in connection with Borchardt's amended tax returns for the years 1994-1997.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: October 12, 2004        s/Richard H. Kyle
                               RICHARD H. KYLE
                               United States District Judge